Concurring opinion issued March 10, 2009












In The
Court of Appeals
For The
First District of Texas




NOS. 01-08-00575-CR
          01-08-00576-CR




WILLIAM DAVID GOLDEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 1171884 and 1171883




CONCURRING OPINION
          While I concur in the Court’s judgments reducing Golden’s two bonds, I write
to address the directive nature of article17.15(4):
The ability to make bail is to be regarded, and proof may be taken upon
this point.
Tex. Code Crim Proc. Ann. art. 17.15(4) (Vernon 5005) (emphasis added).
          The statute requires the trial court to consider and evaluate the defendant’s
ability to make bail. See Webster’s Third New International Dictionary 1911
(Philip Babcock Gove ed. 1961) (defining “regard”). In the absence of proof being
offered by the defendant, the statute requires the trial court—sitting in its capacity as
a magistrate—to elicit testimony on the defendant’s “ability to make bail.”
          Here, Golden, proceeding pro se, offered no evidence to the trial court of his
ability to make bail. While there was testimony that a bondsman was willing to post
a $5,000 bond, that is only evidence of what the bondsman was willing to risk, not
evidence of Golden’s ability to make bond. Without regarding Golden’s ability to
make bail, the trial court set bail at $200,000 in each case in an evidentiary vacuum. 
By failing to elicit evidence from Golden, a pro se defendant, regarding his ability to
make bail, the trial court failed to perform the duty imposed by article 17.15(4).
 
 

                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.

Publish. Tex. R. App. P. 47.2(b).